United States District Court

Northern District of California

|                                    |                         |
|------------------------------------|-------------------------|
| OLANDO GRAVES,                     | No. C-06-0929 SC        |
|     Plaintiff, |                         |
| v.                                 | ORDER GRANTING MOTION TO DISMISS |
| PENINSULA AUTO MACHINISTS LODGE NO. 1414, INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS; IAP WORLD SERVICES, INC. (formerly Johnson Control Services, Inc.), | |
|     Defendants. | |

## I. INTRODUCTION

Plaintiff Olando Graves ("Plaintiff" or "Graves") filed this federal action in February 2006 asserting causes of action for declaratory relief and breach of contract against Defendants Peninsula Auto Mechanists Lodge No. 1414, International Association of Machinists and Aerospace Workers ("IAMAW")[1],

---

[1] Plaintiff refers to this defendant as "IAM & AW." For convenience, the Court will refer to this defendant as "IAMAW."

Plaintiff's workers union, and IAP World Services, Inc. ("IAP")[2], Plaintiff's former employer, stemming from Defendants' alleged racial discrimination against Plaintiff during Plaintiff's employment with IAP World Services from September 1999 to June 2003.

Because this action is duplicative of a related action formerly before this Court and because it is barred by the filing limitations imposed by 29 U.S.C. § 160(b), the Court GRANTS IAP's motion to dismiss the claims.[3]  This dismissal includes the claims against IAMAW.  Accordingly, the Court DISMISSES this action WITH PREJUDICE.

## II. BACKGROUND

The instant action ("Graves II") is duplicative of another action formerly before this Court, Olando Graves v. Johnson Control World Services, et al., C-05-1772-SC, ("Graves I").[4]  In Graves I, the Court granted summary judgment in favor of Defendants IAP/Johnson Control World Services, Inc. and denied Plaintiff's motion for reconsideration.  See Order Granting Defendant's Motion for Summary Judgment, C-05-1772-SC, Docket No.

---

[2] In Graves I, Plaintiff erroneously sued Defendant IAP under its former name, Johnson Control World Services, Inc., an appellation the Court used in order to keep the Court's orders consistent with Plaintiff's filings.  In the instant case, Plaintiff has corrected this blunder.

[3] Defendant IAMAW has filed a reply and a concluding reply in support of IAP's motion to dismiss.  See Docket Nos. 36 and 37. The Court's dismissal, therefore, will also apply to the claims against IAMAW.

[4] Graves II was first before the Honorable Charles R. Breyer. Graves II was related to Graves I and the instant action was transferred to this Court.  See Docket No. 27.

62 ("OSJ").  IAMAW was not a party to Graves I, which is on appeal.

Because the facts of Graves I bear directly on the instant action, the Court will restate those that are necessary. Plaintiff, an African-American male, began his employment with IAP in September 1999 as an alarm technician.  OSJ at 2.  Plaintiff was a member of the Peninsula Auto Mechanics Lodge No. 1414, International Association of Machinists and Aerospace Workers, with which IAP entered into a collective bargaining agreement ("CBA").  Id. at 23, FN 4.

In January 2003, IAP changed its drug testing policy to mandate a drug test of any employee involved in a reportable accident.  Id. at 3.  After Plaintiff was in such an accident, Defendant asked Graves to visit the medical clinic to have his eye checked out by Defendant's medical staff.  Id. at 3-4.  While there, Defendant sought to administer a drug test to Plaintiff in accordance with Defendant's company policy, but Plaintiff refused. Id. at 4.  When subsequent efforts to perform the drug test were rebuffed, IAP dismissed Plaintiff from his position with IAP for refusing to comply with company policy.  Id.

In response to his termination and to other incidents he feels were motivated by racial animus, Plaintiff filed Graves I on July 29, 2004 in the Superior Court for the County of Alameda, alleging that in various ways IAP discriminated against him

3

because he was an African-American.[5] Id. at 1. IAP removed the action to the Northern District of California. Id. The Court granted IAP's motion for summary judgment because, aside from the allegations contained in the Complaint and repeated in Plaintiff's declaration, no evidence was set forth to substantiate any of these claims. Id. at 26.

Plaintiff filed Graves II in the Northern District in 2006, alleging causes of action against his former employer IAP and his former workers union, IAMAW, alleging causes of action for (1) enforcement of the Collective Bargaining Agreement by issuing an order of declaratory relief against Defendants IAP and IAMAW; (2) breach of duty of fair representation under the CBA by IAMAW alone; and (3) breach of the Collective Bargaining Agreement by Defendants IAP and IAMAW. See Complaint ¶¶ 42-45, 46-64, 65-67.

## III. DISCUSSION

### A. Enforcement and Breach of the Collective Bargaining Agreement against IAP

Plaintiff asks the Court to issue an order to enforce his rights under the Collective Bargaining Agreement, specifically his right to be free from discrimination, harassment and retaliation based on race and his right to the remedy of money damages and reinstatement. See Compl. ¶¶ 42-45, 66.

Defendant IAP contends that Plaintiff's action is barred by

---

[5] In Graves I, Plaintiff alleged causes of action for violations of the California Fair Employment and Housing Act, Cal. Gov. Code § 12940 et seq., termination in violation of public policy, breach of implied or express contract of continued employment, breach of covenant of good faith and fair dealing and intentional infliction of emotional distress. OSJ at 7.

4

1 the doctrine of res judicata. Defendant IAP's Memorandum in
2 Support of Motion to Dismiss at 4.
3 Plaintiff contends that his claims are not so barred because
4 the claims are not identical and his claims under the CBA were not
5 at issue in Graves I. Plaintiff's Memorandum in Opposition to
6 Motion to Dismiss ("Pl's. Mem.") at 2.
7 "Res judicata, or claim preclusion, prohibits lawsuits on any
8 claims that were raised or could have been raised in a prior
9 action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.
10 2002) (internal quotation marks and citation removed). "The
11 elements necessary to establish res judicata are (1) an identity
12 of claims, (2) a final judgment on the merits, and (3) privity
13 between the parties." Hells Canyon Preservation Council v. United
14 States Forest Service, 403 F.3d 683, 686 (9th Cir. 2005) (citation
15 and quotation marks removed).
16 The Court finds that Plaintiff's claims under the CBA are
17 barred by the doctrine of res judicata, the elements of which are
18 present.
19 Whether the first element of an identity of the claims is
20 present turns on:
21 (1) whether rights or interests established in the prior
   judgment would be destroyed or impaired by prosecution of the
22 second action; (2) whether substantially the same evidence is
   presented in the two actions; (3) whether the two suits
23 involve infringement of the same right; and (4) whether the
   two suits arise out of the same transactional nucleus of
24 facts. The last of these criteria is the most important.
25 Hells Canyon, 403 F.3d at 690.
26 Focusing on the final and most important criterion, the Court
27 finds that the allegations against IAP in Graves II arise from the
28
                                    5

1  same transactional nucleus of facts from which the allegations in
2  Graves I arose.  Specifically, the allegedly discriminatory events
3  and acts leading up to Plaintiff's 2003 termination of employment
4  and the termination itself, as a perusal of the Complaints in
5  Graves I and Graves II indicates.
6  Furthermore, the same evidence is presented in both actions
7  and both suits involve the same alleged infringement of
8  Plaintiff's right to be free from racial discrimination by his
9  employer.  Furthermore, the rights and interests of the parties
10 established by the Court's entry of summary judgment for
11 Defendants in Graves I would be destroyed or impaired by the
12 prosecution of Graves II - specifically, IAP's right and interest
13 in the efficient and final adjudication of this controversy.
14 At the time of filing Graves I, Plaintiff knew of the CBA and
15 his rights under it.[6]  Any claims he had against IAP under the CBA
16 should have been brought at that time.  His failure to raise these

---

[6] Specifically, in Graves I, the Court determined the relevance of the CBA:

> The Court is aware that Plaintiff was a member of a union with which Johnson Control entered into a Collective Bargaining Agreement[].  That agreement certainly affected the terms and conditions of employment, however, Plaintiff does not and cannot assert that his Fourth claim for breach of implied covenant of good faith and fair dealing is based on Defendant's breach of the CBA, as that agreement designates a specific and exclusive procedure for resolution of grievances.  In fact, Plaintiff has already filed a motion to remand in this case, in which Plaintiff specifically argued that his Fourth claim is not based on the CBA, and does not even require interpretation of the terms of that agreement.  [] Plaintiff has apparently already exhausted his remedies under the CBA.

Order Granting Motion for Summary Judgment, C-05-1772-SC, Docket No. 62.

6

claims in Graves I is fatal to their continued existence in Graves II.

The remaining elements of res judicata are present. There was a judgment on the merits of Graves I when the Court issued its order granting summary judgment for IAP. Summary judgment is "a judgment 'on the merits' and thus [it is] entitled to res judicata effect in subsequent litigation (both claim preclusion and issue preclusion effect)." Schwarzer, Tashima, and Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial, 14:28 (2004).

Also, because IAP and Plaintiff were parties in Graves I and Graves II, the element of privity of the parties is present.

Even if Plaintiff's claims against IAP are not barred by res judicata, they are barred by the filing limitation imposed by 29 U.S.C. § 160(b), as the Court will discuss in the next section.

B. Alleged Breach of the CBA and Breach of the Duty of Fair Representation by IAMAW

Plaintiff also asserts that Defendant IAMAW breached the duty of fair representation by arbitrarily refusing to investigate and "process" his meritorious grievance and by declining to proceed to arbitration. Compl. ¶¶ 46-64. Plaintiff was terminated in June 2003 and was informed in January of 2004 that the Union would take no further action. IAMAW's Memorandum in Support of Motion to Dismiss at 2. As stated above, Plaintiff filed the instant action in 2006, more than six months after the alleged breach of fair representation.

Defendant IAMAW contends that Plaintiff's claim is barred by

7

1 the statute of limitations established in 29 U.S.C. § 160(b) and
2 confirmed by the U.S. Supreme Court in <u>DelCostello v.</u>
3 <u>International Brotherhood of Teamsters et al.</u>, 462 U.S. 151
4 (1983).  IAMAW's Memorandum in Support of Motion to Dismiss at 1-
5 2.
6     The U.S. Supreme Court determined in <u>Delcostello</u> that in
7 suits by an employee against an employer for breaches of a
8 collective bargaining agreement and suits against a union that had
9 allegedly breached its "duty of fair representation by mishandling
10 the ensuring "grievance and arbitration proceedings" are governed
11 by the statute of limitations set forth in section 10(b) of the
12 National Labor Relations Act, 29 U.S.C. § 160(b).  <u>DelCostello</u>,
13 462 U.S. at 154-155.  The applicable time period under Section
14 160(b) is six months.
15     The Court finds that Plaintiff's claims under the CBA are
16 barred by the statute of limitations established by 29 U.S.C.
17 § 160(b).  As stated above, suits such as the one Plaintiff
18 brings, are governed by the six-month limitations period of
19 section 160(b).  Plaintiff's present action was filed in February
20 2006, far beyond the filing limitation imposed by the statute.
21     Plaintiff contends otherwise.  He asserts that he could not
22 file his suit until he received a "right to sue" letter from the
23 California Department of Fair Housing and Employment.  <u>See</u>
24 Declaration of Olando Graves in Support of Opposition to Motion to
25 Dismiss ("Graves Decl.") at 2-3.  While this may be the case in
26 claims under California's Fair Housing and Employment Act, it
27 cannot be true of Plaintiff's filing of his CBA claim which is
28

8

1  governed by 29 U.S.C. § 160(b).

2  Plaintiff also asserts that the filing limitation imposed by
3  29 U.S.C. § 160(b) should be equitably tolled under the condition
4  set forth in California law.  See Graves Decl. at 3-4.  Plaintiff
5  cites Auto Workers v. Hoosier, 383 U.S. 696 (1966) for the
6  proposition that state law timing statutes should govern the
7  filing deadlines in his case.  In Hoosier, the U.S. Supreme Court
8  stated that if no federal provision governs, the applicable state
9  statute should govern filing.  Id. at 704-705.  In Delcostello,
10 cited above, the Court distinguished Hoosier, stressing that it
11 "did not involve any agreement to submit disputes to arbitration,
12 and the suit was brought by the union itself rather than by an
13 individual employee."  462 U.S. at 162.  As the quote from
14 Delcostello regarding 29 U.S.C. § 160(b) indicates, Graves II,
15 being a suit by an employee against his union and former employer,
16 is governed by the six-month limitation imposed by the statute.

17 The Court's determination only mandates dismissal of the
18 claims against IAMAW, but it also provides another basis for
19 dismissing the claims against IAP.

20 Accordingly, the Court GRANTS the motion to dismiss
21 Plaintiff's claims and the Complaint, and thereby the case.  These
22 claims, the Complaint and the case are hereby DISMISSED WITH
23 PREJUDICE.
24 //
25 //
26 //
27 //
28

9

**IV. <u>CONCLUSION</u>**

Plaintiff's claims are barred by the doctrine of <u>res judicata</u> and by the filing limitation imposed by 29 U.S.C. § 160(b). Accordingly, the Court GRANTS the motion to dismiss the claim and the Complaint. The claims, the Complaint, and the case are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: July 28, 2006

_____
UNITED STATES DISTRICT JUDGE